CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 12 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DEBORAH M. B., | ) |
| Plaintiff, | ) Case No. 4:17-cv-00083 |
| v. | ) **MEMORANDUM OPINION** |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |
| Defendant. | ) |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 17] and affirm the Commissioner's decision. The R&R was filed on February 13, 2019 [ECF No. 19], and Plaintiff filed her Objection on February 27 [ECF No. 20]. The Commissioner did not respond, so the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's Objection and grant the Commissioner's Motion for Summary Judgment.

### I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On September 23, 2013, Plaintiff Deborah B. ("Plaintiff") filed an application for disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401–33 (2018). (R. 145–148.) In her applications, Plaintiff alleged that she had been disabled since July 14, 2012, due to a combination of weakness, mesenteric ischemia, inability to eat without pain, and cardiovascular disease. (See R. 176.) The Commissioner denied Plaintiff's claims

---

[1] Andrew M. Saul became Commissioner of Social Security in June 2019. Commissioner Saul is hereby substituted for the former Acting Commissioner, Nancy Berryhill, as the named defendant in this action. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

initially on April 24, 2014 (R. 52–61), and again upon reconsideration on December 12, 2014 (R. 63-73).

Plaintiff requested a hearing before an Administrative Law Judge and on August 4, 2016, Plaintiff appeared with her attorney before Administrative Law Judge Susan G. Smith ("the ALJ"). (R. 36–51.) Both Plaintiff and a vocational expert, Lori Cowan, testified. (Id.) In a written decision dated September 14, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 17–28.) The ALJ found that Plaintiff suffered from coronary artery disease and an abdominal aneurysm, both of which qualified as severe impairments. (R. 19 (citing 20 C.F.R. §§ 404.1520(c)).) The ALJ also found Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20–21 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except that she could

> occasionally climb ramps/stairs, never climb ladders/ropes/ scaffolds, occasionally stoop, kneel, balance, crouch, and never crawl, and avoid concentrated exposure to hazards including uneven terrain, unprotected heights, and dangerous moving machinery.

(R. 21.) The ALJ concluded that, based on her determination of Plaintiff's RFC, Plaintiff could perform her past relevant work as a bookkeeper and customer service representative. (R. 27 (citing 20 C.F.R. § 404.1565.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 27.) The Appeals Council denied Plaintiff's request for review (R. 1–3), and the decision of the ALJ became the final decision of the Commissioner on October 4, 2017. (Id.)

On December 3, 2017, Plaintiff filed suit in this court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. On June 13, 2018, the Commissioner filed a Motion for Summary Judgment. [ECF No. 17.] On February 13, 2019, Judge Hoppe filed a Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Feb. 13, 2019 [ECF No. 19].) On February 27, Plaintiff filed timely objections to the R&R. (Pl.'s Obj., Feb. 27. 2019 [ECF No. 20].) The Commissioner did not respond, so the matter is now ripe for review.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the

evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

In her sole objection, Plaintiff takes issue with the weight given by the ALJ to the opinion of Plaintiff's treating physician, Dr. Jaff, and the ALJ's consideration of Plaintiff's subjective complaints of pain. As both issues are wrapped up in Dr. Jaff's opinion, they are addressed jointly.

With regard to Dr. Jaff, a treating physician's opinion is traditionally afforded "controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). When there is "persuasive contrary evidence," and if the ALJ gives "good reasons" that are supported by the record, the ALJ may give a treating physician's opinion less weight. Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Among the factors that may weigh in the decision whether or not to afford a treating physician's opinion controlling weight are the "[l]ength of the treatment relationship" and the "[n]ature and extent of the treatment relationship." 20 C.F.R. §§ 404.1527(c)(i)–(ii), 416.927(c)(i)–(ii) (2018). The ALJ may also consider the physician's explanation for her

conclusion and whether her opinion pertains to her area of specialty. See <u>Brown v. Comm'r of Soc. Sec. Admin.</u>, 873 F.3d 251, 256 (4th Cir. 2017).

In his medical source statement, Dr. Jaff concluded that Plaintiff could "reasonably be expected to work an 8 hour day, 40 hour work week, on a regular basis, without missing more than 2 days a month due to" her disability. (R. 655.) He also concluded that Plaintiff would have a need to lie down "continuously" during the work day and take unscheduled breaks due to pain and/or fatigue. The ALJ determined that Dr. Jaff's "finding for unscheduled breaks is not supported by the objective medical evidence of record," and afforded Dr. Jaff's opinion only partial weight. (R. 26.)

Plaintiff counters that the record is replete with references to Plaintiff's ongoing and continual struggle with the pain caused by her mesenteric ischemia. But the issue is not whether Plaintiff is in pain; undoubtedly she is. The issue is whether the ALJ adequately explained why the objective medical evidence does not support Dr. Jaff's opinion that she needs unscheduled breaks throughout the day due to pain. On this point, the ALJ adequately explained why she concluded Plaintiff's pain is not a debilitating as she and Dr. Jaff contend.[2]

Here, the ALJ pointed to specific evidence that undercut Dr. Jaff's opinion, Specifically, she highlighted evidence that Tramadol had been "relatively successful in controlling [Plaintiff's] symptoms." (R. 25 (citing R. 610 ["Tramadol helps a little with the pain."].) The ALJ also pointed out Plaintiff's "treatment records fail to show significant ongoing cardiac signs, or significant neurological deficits or abdominal and gastrointestinal deficits, as would be expected with the degree or limitation alleged." (R. 25.) Finally, the ALJ highlighted Plaintiff's own testimony that

---

[2] As has been stated time and time again, the court's role is not to re-weigh conflicting evidence or substitute its judgement for the ALJ's. See <u>Mastro</u>, 270 F.3d at 176 (quoting <u>Craig</u>, 76 F.3d at 589); <u>Craig</u>, 76 F.3d at 589 (quoting <u>Walker</u>, 834 F.2d at 640).

she was able to engage in "independent self-care" and do light work around her home without difficulty. (R. 25; see also R. 43–44, 283, 384, 421, 459.) All of these are valid, specific reasons in the Record that support the ALJ's decision to assign less than controlling weight to Dr. Jaff's opinion. Cf. Garrett v. Comm'r of Social Sec., 274 F. App'x 159, 164 (3rd Cir. 2008) ("Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible."); Sharp v. Colvin, No. 3:14cv340-HEH, 2015 WL 1517416, at *4 (E.D. Va. Apr. 1, 2015) (holding that evidence that medication or treatment was successful in controlling pain is a reason to give a treating physician's opinion less than controlling weight); Hicks v. Astrue, No. 3:08cv758, 2009 WL 2421443, at *6–7 (E.D. Va. July 30, 2009) (holding that treatment records that were at odds with a treating physician's opinion were a valid basis to give the physician's opinion less than controlling weight).

The question before the court at this stage is not whether I would have reached the same conclusion as the ALJ; the question is whether the ALJ's decision is legally supportable. On the Record before me, I must conclude that the ALJ gave valid, specific reasons for her decision to give Dr. Jaff's opinion on unscheduled breaks throughout the day less than controlling weight. Plaintiff's objection will therefore be overruled.

### IV. CONCLUSION

Because the ALJ's opinion is supported by substantial evidence in the Record, Plaintiff's objection will be overruled. I have reviewed the remainder of the R&R for clear error. Finding none, I will adopt the R&R in its entirety and grant the Commissioner's Motion for Summary Judgment.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 12th day of September, 2019.

s/Jackson L. Kiser  
SENIOR UNITED STATES DISTRICT JUDGE